[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant William Jones appeals his conviction for one count of aggravated robbery, with a specification, and one count of robbery in violation of R.C. 2911.01(A)(1) and (2). Jones was sentenced as appears of record.
{¶ 3} Pursuant to Anders v. California,[1] Jones's appointed appellate counsel has advised this court that, after a thorough review of the record, he can find nothing that would arguably support Jones's appeal.[2] Appellate counsel has communicated his conclusion to Jones and has moved this court for permission to withdraw as counsel.[3]
{¶ 4} Counsel requests that this court independently examine the record to determine whether the appeal is wholly frivolous.[4] Based on our review of the record, we hold that it is devoid of prejudicial error. Because there are no grounds to support a meritorious appeal, the judgment of the trial court is affirmed and appellate counsel's motion to withdraw is overruled.
{¶ 5} Although we conclude that this appeal is frivolous under App.R. 23 and has no "reasonable cause" under R.C. 2505.35, we refrain from taxing costs and expenses against Jones because he is indigent.
{¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Sundermann, P.J., Hildebrandt and Gorman, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.
[2] We note that in Smith v. Robbins (2000), 528 U.S. 259,120 S.Ct. 746, the United States Supreme Court held that the Anders procedure is only one method that states may use to satisfy the constitutional requirements for indigent criminal appeals. As of this writing, theAnders procedure is still followed in Ohio. See State v. Lachner (Feb. 25, 2000), 6th Dist. No. S-98-049.
[3] See Anders, supra, at 744.
[4] See Anders, supra; Freels v. Hills (C.A.6, 1988), 843 F.2d 958.